(Hamilton Common Pleas, July, 1895.)

KITTREDGE v. ALLEMANIA SOCIETY.

---

*Avoidance of lease by sale of intoxicating liquors—*

A lease containing no provision for the sale of intoxicating liquors on the premises, with no parol contract providing for such sales, is not avoided by the subsequent use of the premises for the sale of liquor.

---

Heard on demurrer to answer.

WRIGHT, J.

Plaintiff sues to recover installments of rent claimed to be due from defendant under the terms of the lease, a copy whereof is attached to the petition. The defendant answers, claiming the lease to be void under Rev. Stat., Sec. 4364, the pertinent provisions of which statute are as follows:

"All contracts whereby any building or premises are rented or leased and the same used in whole or in part for the sale of intoxicating liquors, shall be void."

There is nothing in the lease which show it to contemplate the having or using of in toxicaing liquors upon the premises, except the following clause, "doth grant, demise and lease* * * the following parts of the new building, to-wit, the whole of the second and third stories; also a room on the alley * * for a kitchen, with the cellar underneath for a furnace room and cold storage; also the entrance on Fourth street for vestibule and main stairway, with the cellar under it for a wine cellar, with the sidewalk vault in front of it." And in this clause or reference to a "wine cellar," there is no contemplation of a "sale of liquors." The term "wine cellar" negatives the idea of a place of sale, indicating a place of storage for private individual convenience, and it is hardly to be presumed that the social recreations of the gentlemen who compose the membership of the defendant organization consist even in part of vending liquor in a cellar.

The statute only avoids contracts "where by premises are leased for the sale of intoxicating liquors;"it is the use expressed in, and contemplated by the contract that shall avoid it, not the use the lessee makes, aside from that contemplated by the contract. Now the defendant answers as follows: "That the premises in the petition mentioned and in said case described were demised and leased by the said Reuben R. Springer to this defendant, to be used in part, and the same were so used by this defendant, with the knowledge and consent of the said Reuben R. Springer and of the plaintiff, * * * for the sale of intoxicating liquors to be drank upon the premises,* * * and that therefore said lease is void." What is the effect of these allegations? If the premises were demised and leased, then there was a lease; and there being a lease, the lease was the"contract whereby the premises were rented and used;" yet by this "contract" which is the lease, there is no contemplation of use"for the sale of liquors" hence the contract, the lease, was not one "whereby premises were rented and used for the sale of intoxicating liquors." This allegation of the answer is in effect a saying that the lease contains something which upon inspection is found to be absent. The contents of a writing must be gathered from what is in the writing, not from what somebody says in it. The "knowledge" of the lessor and the plaintiff that the premises were being used for the sale of liquors is of no consequence; the statute does not deal with what people know, especially after the demise, but with what they put in their contracts. If premises are demised without purpose in either party that liquors should be sold thereon, with no expression of such use in the lease, and the lessee should after a while, or immediately begin to sell liquor which fact the lessor happened to find out, the lease would hold good; for it was not by the terms of the lease that the premises were so used; the acquired knowledge of the lessor could have no effect upon, could not be interpolated into the priorly made contract as a term thereof.

Any other construction would render all written leases very futile things, by placing their obligatory effect entirely at the mercy of the lessee; when he tired of paying the agreed rent, and wished to be relieved of his obligation so to do, let him sell some one a drink. tell the landlord,, and his lease is at an end, his obligations removed.

The question being, not what the lessor knows now, nor what did he know heretofore, but, what kind of a contract did he make. If the contract is in writing, then the writing is the ''contract whereby the premises are rented and used ;''unless it appear therein that the premises are to be used for the sale of liquor, then such a use of them would not be a ''use under the contract.'' No parol contract is pleaded, no purpose in the lessor to evade the statute by putting only a part of his contract in the lease : the effect of the answer is simply to challenge the lease upon its face, conceding it to be the only and the entire contract.

The decision of the general term of the Superior Court in the case of Goodall v. The Gerke Brewing Company, is relied upon by defendant's counsel. While the opinion there is in accordance with the usual clearness and accuracy of the judge who delivered it, and is a correct exposition of the law, yet it has no application here. The lease then before that court contained the words, ''it being agreed that the said, The Gerke Brewing Company shall have the exclusive right to keep and maintain a saloon or bar for the sale of spirituous, vinous or malt liquors.'' As far as I am able to ascertain, the unreported decisions of certain of my colleagues of which reference has been made in argument, were with regard to leases containing provisions alike to that of the lease in the Goodall case.

The demurrer is sustained.

Kittredge Wilby & Simmons, for Plaintiff.
Kramer & Kramer, for Defendant.